## Cas No. 8,233.

### In re LELAND et al.

[8 Ben. 254.] [1]

District Court, S. D. New York. Nov., 1875.

LEASE — BREACH OF COVENANT — DAMAGES — PROSPECTIVE PROFITS.

1. W. L. & Co., let a stand for the sale of books, &c., in the Union Hotel, at Saratoga Springs, for five years, for $250 a year. After two years they declined to allow the lessee to continue the occupancy unless he would pay a rent of $500. Bankruptcy proceedings were afterwards taken against them. On a petition by the lessee to be allowed to prove a claim against W. L. & C. L., two of the members of W. L. & Co., the register reported the above facts, and that the value of the rights and privileges secured by the lease to the lessee was $350 for each of the three remaining years, and that the lessee was entitled to prove a claim against the estate for that amount: Held, that there was no evidence that the claimant could have rented out the stand for $350 more than the $250 rent.

2. Prospective profits of the business that could have been carried on at the stand could not be allowed, and the claimant had not proved a claim to any amount whatever.

[In the matter of the bankruptcy of Simeon, Warren and Charles Leland, composing the firm of Leland & Co. For the proceeding heretofore had in this case, only incidentally connected with this case, see Cases Nos. 8,228, 8,229, 8,230, 8,231, 8,232, and 8,234.]

Nathan D. Morey presented to the court a petition, setting forth that he had a claim against the estate of the above bankrupts for unliquidated damages, arising out of the following facts, viz.: That, in 1868, the bankrupts made a lease, as follows: "Know all men by these presents, that we have let and rented unto J. E. Lewis & Co. the exclusive right and privilege of a place to locate a stand within the Union Hotel, Sara-

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

toga Springs, for selling books, stationery, &c., &c., with the sole and uninterrupted use and occupation thereof for the term of five years from the 1st day of June, 1868, at the yearly rent of $250. * * * Warren Leland & Co.;" that this lease was assigned to the petitioner, and he occupied under it for the season of 1868, but, after the expiration of the season, the bankrupts refused to allow the petitioner to enjoy any of the rights or privileges conferred by said lease, and he thereby suffered damage to the amount of $3,000 and had the right to prove a claim against the estate to that amount. On this petition the matter was referred to a register to report; and he reported that the lease was executed and assigned as stated in the petition; that, in June, 1870, Warren Leland & Co. refused to allow the petitioner to occupy any longer under the lease unless he would pay a rent of $500 instead of $250, and thereby made a breach of the covenants of the lease; that the value of the rights and privileges secured by the lease to the claimant was $350 a year in each of the years 1870, 1871 and 1872, and in all those years $1,050; and that the claimant was entitled to prove a claim against the estate of the bankrupts for that amount, with interest.

J. A. Shondy, for claimant.
W. F. Scott, for the assignee.

BLATCHFORD, District Judge. The referee reports that "the value of the rights and privileges" secured to the lessee by the lease was $350 a year, in each of the years 1870, 1871 and 1872. What is intended by this is not clear. The counsel for the claimant seems to suppose that the "value" intended is "the difference between the rental value of the privileges conferred by the lease, and the rent reserved during the remaining period of the lease." The counsel for the assignee seems to suppose that such $350 is "the probable profits" of the business that would have been done at the stand leased, if it had been occupied. On the supposition of the counsel for the claimant, the evidence would have to be, that the claimant could have rented out the stand for $600 a year—that is for $350 a year more than the $250 a year rent he was to pay. I see no such evidence. If the $350 is taken as the damages per year, because it is the "probable profits" of the business that would have been carried on at the stand, such probable profits are inadmissible as a measure of damages.

It is impossible for me to confirm the report or to hold that the claimant has established a right to prove a claim to any amount.

[For the subsequent proceedings in bankruptcy of Simeon Leland & Co., only incidently connected with this case, see Cases Nos. 11,220, 11,221, and 8,235.]